**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

PEDRO HERNANDEZ-PEREZ, a/k/a
Johnny Garcia,

     Defendant - Appellant.

No. 15-7010
(D.C. No. 6:14-CR-00048-RAW-2)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

Defendant Pedro Hernandez-Perez pled guilty to possession with intent to
distribute heroin, 21 U.S.C. § 841(a)(1), (b)(1)(A); 18 U.S.C. § 2, and was
sentenced to 57 months' and three years' supervised release. I R. 27–29. Our
jurisdiction arises under 28 U.S.C. § 1291. We dismiss the appeal and grant Mr.
Hernandez-Perez's counsel's motion to withdraw.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Background

Mr. Hernandez-Perez was a passenger in a vehicle pulled over by an Oklahoma Highway Patrol trooper. III R. 4. When the driver gave suspicious answers to the trooper's questions, the trooper requested, and the driver granted, permission to search the car. Id. After the trooper's dog alerted on both the driver and passenger sides, the trooper discovered bundles of heroin. Id. Mr. Hernandez-Perez and the driver were transporting the drugs from Oklahoma City to New York. Id.

Without a plea agreement, Mr. Hernandez-Perez pled guilty to count I of a superseding indictment. The probation officer prepared a presentence investigation report (PSR). III R. 1–10. Mr. Hernandez-Perez qualified for the "safety valve," under 18 U.S.C. §§ 3553(f)(1)–(5), which permitted the judge to sentence him under the advisory guidelines instead of the statutory minimum of ten years under 21 U.S.C. § 841. See id. at 8. The PSR calculated Mr. Hernandez-Perez's total offense level as a 25. Id. at 6. His base offense level of 30 was adjusted downward for the safety-valve adjustment (-2) and for acceptance of responsibility (-3). Id. at 5–6. With a criminal history category of I, Mr. Hernandez-Perez's sentencing range came to 57–71 months under the advisory guidelines. Id. at 6, 8. Mr. Hernandez-Perez did not object to the PSR and did not request a non-guidelines sentence. At the sentencing hearing, Mr. Hernandez-Perez offered no argument regarding his appropriate sentence, but did apologize

to the court for his offense.

Counsel for Mr. Hernandez-Perez has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and has moved to withdraw. Anders holds that if counsel finds an appeal "to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must also submit to the court a brief addressing anything in the record that arguably supports the appeal. Id. Counsel has addressed possible challenges to the conviction as well as the sentence and expressed her professional opinion that no facts support such challenges. Counsel served the brief and the motion to withdraw on Mr. Hernandez-Perez, and the docket sheet reflects that the clerk of court also notified him and he did not file a brief. See 10th Cir. R. 46.4(B)(2).

We have conducted our own review of the record and agree that there are no non-frivolous issues for appeal. The record reflects a plea that is knowing and voluntary, and no factual errors are apparent in the PSR or in the calculation of the advisory guideline range. See Gall v. United States, 552 U.S. 38, 51 (2007) (discussing procedural reasonableness). A potential ten-year mandatory minimum sentence did not apply because of the safety-valve reduction, and Mr. Perez-Hernandez received a sentence at the bottom of the guideline range. A sentence within the properly calculated guideline range is presumptively reasonable, with the burden on the defendant to rebut the presumption and demonstrate that the

sentence is unreasonable.  <u>United States v. Kristl</u>, 437 F.3d 1050, 1054 (10th Cir. 2006).  In these circumstances, Mr. Perez-Hernandez lacks an argument that his sentence was procedurally or substantively unreasonable.

We DISMISS the appeal and GRANT the pending motion to substitute counsel and GRANT counsel's motion to withdraw.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge